**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

<span style="color:red">**Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000090
15-DEC-2025
10:49 AM
Dkt. 65 SO**</span>

NO. CAAP-23-0000090

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

IN THE MATTER OF THE
DOUGLAS KUI TUNG HO TRUST DATED
JANUARY 3, 2014, AS AMENDED AND RESTATED

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CASE NO. 1CTR-22-0000152)

### SUMMARY DISPOSITION ORDER
(By: Leonard, Presiding Judge, Wadsworth and Guidry, JJ.)

Respondents/Petitioners-Appellants Douglas Ho Foundation and Russell K.L. Leu (**Leu**) (collectively, **Appellants**) appeal from the "Order Granting Petition for Instructions" (**Probate Order**), and "Judgment Pursuant to Order Granting Petition for Instructions" (**Judgment**), both filed on January 27, 2023 by the Circuit Court of the First Circuit (**probate court**).[1]

This matter arises from the Petition for Instructions filed by Petitioner/Respondent-Appellee Central Pacific Bank

---

[1] The Honorable R. Mark Browning presided.

(**CPB**), as Successor Trustee of the Douglas Kui Tung Ho Trust (**Trust**). The Trust, which was originally executed on January 3, 2014, was amended in 2018, 2021, and 2022.[2] CPB's Petition for Instructions asked the probate court to determine whether Respondent-Appellee Douglas K.T. Ho Charitable Foundation, or the Douglas Ho Foundation, is the residuary beneficiary of the Trust.[3]

Appellants raise six points of error on appeal, contending that the probate court erred in: (1) granting CPB's Petition for Instructions, and awarding attorneys' fees to CPB and the Douglas K.T. Ho Charitable Foundation; (2) "not considering [the 2021 Amended Trust] which designated the Douglas K.T. Ho Foundation as the sole residuary beneficiary of

---

[2] We refer to the June 8, 2018 "First Amendment to and Restatement of Trust Agreement of Douglas Kui Tung Ho" as the **2018 Amended Trust**, and the August 6, 2021 "Second Amended and Restated Trust Agreement of Douglas Kui Tung Ho" as the **2021 Amended Trust**.

We refer to the January 5, 2022 "First Amendment to Second Amended and Restated Trust Agreement of Douglas Kui Tung Ho," and the January 11, 2022 "Second Amendment to Second Amended and Restated Trust Agreement of Douglas Kui Tung Ho," collectively as the **2022 Amended Trust**. Both of the January 2022 trust instruments were signed by Leu, as Douglas Kui Tung Ho's (**Ho**) attorney-in-fact. The January 5, 2022 trust instrument appointed CPB and Leu as successor Trustee to administer the Trust's estate, and the January 11, 2022 trust instrument designated the Douglas Ho Foundation as the residuary beneficiary.

[3] The 2018 Amended Trust named the "Douglas K.T. Ho Charitable Foundation" as the residuary beneficiary, the 2021 Amended Trust named the "Douglas K.T. Ho Foundation" as the residuary beneficiary, and the 2022 Amended Trust named the "Douglas Ho Foundation" as the residuary beneficiary.

The Douglas K.T. Ho Foundation does not exist. The declaration of James H.Q. Lee represents that Ho had expressed an intent to establish the Douglas K.T. Ho Foundation, but that he did not have the capacity to sign the necessary legal documents due to an illness.

the Trust"; (3) "considering the [2018 Amended Trust] even though it was superseded in its entirety by the [2022 Amended Trust]"; (4) failing "to comply with the standard mandated in [In re Elaine Emma Short Revocable Living Tr. Agreement Dated July 17, 1984, 147 Hawaiʻi 456, 465, 465 P.3d 903, 912 (2020)] by failing to support its order with specific findings of fact and conclusions of law"; (5) "finding that there was 'clear and convincing evidence'" that Ho intended to name the Douglas K.T. Ho Charitable Foundation as the residuary beneficiary of the Trust; and (6) "not holding an evidentiary hearing," and not "deem[ing] this as a contested matter."

Upon careful review of the record, briefs, and relevant legal authorities, and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Appellants' points of error as follows[4]:

(1) Appellants contend that the probate court "failed to consider the [2021 Amended Trust]." (Formatting altered.)

Article 4, Paragraph A of the 2018 Amended Trust reserved Ho's right, as settlor, to amend the Trust "by an instrument signed by him and delivered to the Trustee." The 2021 Amended Trust was executed by Ho pursuant to that Trust provision.

---

[4] We consolidate and address Appellants' points of error out of order.

The 2022 Amended Trust was executed by Leu. The record reflects that neither the 2021 Amended Trust, nor Leu's power of attorney, expressly authorized Leu to amend and restate the Trust. See Hawaii Revised Statutes (**HRS**) § 554D-602(e) (Supp. 2022) (providing that an agent acting for a settlor under a power of attorney may amend a trust "only to the extent expressly authorized by the terms of the trust and the power [of attorney]"); HRS § 551E-31(a)(1) (2018) (providing that an agent acting under a power of attorney may only amend an inter vivos trust "if the power of attorney expressly grants the agent the authority and exercise of the authority is not otherwise prohibited by another agreement or instrument").

The record reflects that the 2021 Amended Trust was the last validly executed amendment and restatement of the Trust. The 2018 Amended Trust was superseded by the 2021 Amended Trust; the 2021 Amended Trust was not superseded by the 2022 Amended Trust. We conclude that the probate court, which determined the 2021 Amended Trust to be the operative trust instrument, did not fail to "consider" the 2021 Amended Trust.

(2) Appellants contend that the probate court erred in finding "'clear and convincing evidence' that [Ho] intended to name the [Douglas K.T. Ho Charitable Foundation] as residuary beneficiary of the Trust," and by "failing to support its order

4

with specific findings of fact and conclusions of law."
(Formatting altered.)

In section (1), supra, we concluded that the probate court did not err in determining the 2021 Amended Trust to be the operative trust instrument. The 2021 Amended Trust named the Douglas K.T. Ho Foundation, a non-existent entity, as the residuary beneficiary. This presented an ambiguity concerning the identity of the residuary beneficiary. See In re Est. of Bletsch, 130 N.W.2d 275, 276 (Wis. 1964) (determining that "[t]he designated beneficiary in the instant case is non-existent; this gave rise to a latent ambiguity"). In addressing this ambiguity, the probate court determined that it was Ho's intent to make the Douglas K.T. Ho Charitable Foundation -- the entity named as residuary beneficiary in the 2018 Amended Trust -- the residuary beneficiary of the 2021 Amended Trust.

It is not clear how the probate court came to this determination. The probate court did not make any findings, or otherwise identify the evidence it relied upon, in determining Ho's intent, and we are therefore unable to meaningfully review the Judgment. "[W]hen a trial court has failed to issue findings of fact and the appellate court is unable to discern the factual basis of the lower court's ruling . . . the case should be remanded to permit the lower court or agency to make

the requisite findings." In re Elaine Emma Short, 147 Hawaiʻi at 466, 465 P.3d at 913 (citations omitted).

We therefore vacate the Judgment, and remand this matter to the probate court with instructions that it should make appropriate findings, based on the record evidence, regarding its determination of which entity Ho intended to be the residuary beneficiary of the Trust. Because we vacate the Judgment on the merits, we also vacate the probate court's order awarding attorneys' fees and costs, without prejudice to the ability of any party to make an appropriate and timely request for attorneys' fees and costs on remand.

(3) Appellants contend that the probate court erred by not holding an evidentiary hearing, or deeming this a contested matter under Hawaiʻi Probate Rules (**HPR**) Rules 19 and 20,[5] "given that the facts in this case were highly disputed."

HPR Rule 3(a) provides that, in probate proceedings,

> There shall be a petition and a response or objection. For purposes of these rules, **an application in an informal proceeding is a petition**, unless the context of the rule indicates otherwise. **Persons may file a joinder, response, or objection to a petition** or to a master's, guardian ad litem's, or Kokua Kanawai's report. **Persons may file a memorandum in support of their pleadings. . . . No other pleading shall be allowed**, provided that if a contested matter is referred to the regular civil calendar pursuant to [HPR] Rule 20, then the Hawaiʻi Rules of Civil Procedure shall apply with respect to the referred petition.

---

[5] HPR Rule 19 defines "contested matter," and HPR Rule 20 provides for the "Disposition of Contested Matters" by instructing, in relevant part, that "[t]he [probate] court by written order may retain a contested matter on the regular probate calendar or may assign the contested matter to the civil trials calendar of the circuit court." (Formatting altered.)

(Emphasis added.) HPR Rule 19 defines a contested matter as "any one in which an objection has been filed." Thus, in order for a probate proceeding to be treated as a "contested matter," a party to the proceeding must file an objection under HPR Rule 19. Here, no party filed an "objection," and the Appellants did not expressly request that the proceeding be treated as a contested matter.

It appears, nevertheless, that Appellants' November 22, 2022 "(1) Response to Petition for Instructions, Filed September 29, 2022; and (2) Petition to Approve Amendment to Trust, or in the Alternative, to Reform and Modify the Trust," implicitly "object[ed]" by requesting that the probate court dismiss CPB's Petition for Instructions, or "issue an order modifying the [2022 Amended] Trust naming the Douglas Ho Foundation which was incorporated on January 11, 2022 as the sole residuary beneficiary." To the extent Appellants' response could be construed as an objection, we instruct the probate court, on remand, to consider whether the case should be treated as a contested matter. See In re Elaine Emma Short, 147 Hawaiʻi at 467, 465 P.3d at 914 ("Determining contested facts is for the trial courts, not courts of appeal.") (citation omitted).

For the foregoing reasons, we vacate the Probate Order and Judgment, and remand for further proceedings consistent with this summary disposition order.[6]

DATED: Honolulu, Hawaiʻi, December 15, 2025.

On the briefs:                          /s/ Katherine G. Leonard
                                        Presiding Judge
Sofia Hirosane McGuire,
for Respondents/Petitioners-            /s/ Clyde J. Wadsworth
Appellants.                             Associate Judge

Rhonda L. Griswold,                     /s/ Kimberly T. Guidry
for Petitioner/Respondent-              Associate Judge
Appellee.

Derek R. Kobayashi,
for Respondent-Appellee.

---

[6]     Pursuant to Hawaiʻi Rules of Appellate Procedure Rule 34(c), Appellants' October 9, 2025 Motion for Retention of Oral Argument is denied.